**In re Anonymous No. 33 D.B. 75**

Disciplinary Board Docket no. 33 D.B 75.

ANDERSON, *Member*, August 28, 1978 — Pursuant to Rules 218(c)(5) and 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

A petition for discipline was filed against respondent in 1975 at 33 D.B. 75, containing the following charges: Petitioner fabricated medical reports and submitted same to an insurance carrier, received checks based on the false reports and then issued checks for substantially less than he received to his clients; all this was done without his clients' knowledge or consent. A hearing was held before hearing committee [ ] on June 25, 1975, and the committee found petitioner had violated Rule 1-102(A)(3), Rule 1-102(A)(4), Rule

1-102(A)(6), and Rule 2-106(A). The hearing committee recommended petitioner be suspended from the practice of law for two years. This recommendation was adopted by the board. Petitioner was suspended from the practice of law on November 24, 1975, by order of the Supreme Court for a period of two years and until further order of the Supreme Court.

On October 17, 1977, petitioner filed a petition for reinstatement, which was in turn referred to the board by the Supreme Court. On that same date, petitioner was referred to a reinstatement hearing committee [ ]. On October 20, 1977, a notice of hearing for the reinstatement of petitioner was sent scheduling a hearing on November 10, 1977. All interested parties were informed that they might attend. On February 27, 1978, the reinstatement hearing committee [ ] submitted its report with the recommendation that petitioner be reinstated. On March 16, 1978, disciplinary counsel filed a brief on exceptions. The case was brought before the Disciplinary Board of the Supreme Court of Pennsylvania on March 31, 1978, and at that time the board decided that petitioner be reinstated.

## II. DISCUSSION

Petitioner exhibited to the hearing committee he had amply recognized the serious nature of his past misconduct and has improved his moral qualifications to the standards necessary for a person active in the practice of law. He has shown the proper remorse in recognizing that the act he committed was both detrimental to him and to his profession. Through his cooperative nature in promptly following all of the administrative procedures in compliance with his suspension, one can only surmise

that petitioner has in fact learned from this experience. The hearing committee felt his various activities within the community and his honorable retirement from 30 years of service in the Veterans Administration, even after they had received notification of his suspension, were matters that brought credit to his reinstatement proceeding. It was because of these activities and the character recommendations of members of the community that the hearing committee found that petitioner possessed the moral qualification for admission to practice law in Pennsylvania.

The committee was more perplexed in regard to petitioner's competency and learning in the law. Petitioner causes some slight problem, due to the fact that he never engaged in a continuous practice of law but did so on a small and sporadic scale. He was employed as a claims examiner with [   ] which did require the use of his skills as a lawyer, but did not necessarily deal with the everyday practice of law. Petitioner showed he had kept abreast of the law as it changed in Pennsylvania. He testified that he spent approximately four hours each month in the [   ] county law library, reviewing advance sheets. He also reviewed literature which came to his home for his son, who was a practicing attorney in Pennsylvania. There was no showing that the petitioner lacked the competency to practice law. In fact, there was a showing that although his private law practice was limited, he was employing his legal skills in his job up until his retirement.

The board, as well as the hearing committee, finds petitioner did apply himself towards keeping a certain level of competence by his visits to the library and keeping abreast of the current legal developments. We further feel there has been no

dissipation of the basic legal skills possessed by petitioner prior to his two year suspension.

## III.  RECOMMENDATION

The Disciplinary Board recommends to your honorable court that the petition for reinstatement be granted, that the court direct that the necessary expenses incurred by the board in the investigation and processing of the petition for reinstatement be paid by respondent as provided in Rule 89.277 of the Disciplinary Board Rules and a statement of such expenses in the amount of $191.80 is appended to this report.

Mr. Unkovic did not participate in the adjudication.

## DISSENTING OPINION

REATH, *Member*, August 4, 1978—I respectfully dissent from recommending that your honorable court reinstate a lawyer, suspended for two years for a serious infraction of the rules, who has patently failed to establish the burden that is clearly his—i.e., to establish his legal competence for readmission to the bar.

Rightly or wrongly, Rule 218 of the Pennsylvania Rules of Disciplinary Enforcement requires that a lawyer, once suspended, must before readmission, in addition to establishing his moral qualifications, carry the burden of demonstrating that he has "the competency and learning in law required for admission to practice in the Commonwealth."

This means that when we as a board recommend readmission following a suspension, we give the

equivalent of a Good Housekeeping Seal of Approval in certifying to the general public, which includes future clients of petitioner in particular, that this lawyer is knowledgeable in the law and has the capacity to give wise counsel, based on competent legal knowledge and expertise, which is the hallmark of any member of the bar enjoying the special privileged status of being approved and licensed by this court to practice his or her skills.

In this instance, petitioner, who has not been engaged in private practice for over 30 years, and who during this period served as a full-time claims examiner to the [    ], is now being certified by this board as competent to engage in general practice based upon his testimony that during his suspension, he spent approximately four hours every month in his county law library reviewing advance sheets and in sporadically reviewing literature which came to his home from his son who is a practicing lawyer in Pennsylvania.

The hearing panel, as evidenced by their comments (see page 4, ¶3) was obviously concerned about this aspect of the readmission problem. Likewise, this board shows its own misgivings in this matter where the majority in its opinion states at page 3: "There was no showing that the petitioner lacked the competency to practice law." This statement is a complete reversal of the burden of proof as required by Rule 218.

Today the legal profession is being assaulted as never before, from all sides—both within and without the profession—by serious challenges to our privileged status, to our legal skills and competency in certain situations, and more particularly, our failure to enforce continuing legal education and standards. Most lawyers privately would readily

concede that there is more than a grain of truth to some of these charges.

It may well be that but for petitioner's disciplinary transgressions in this particular matter, his competency and right to practice law would never have been challenged. But the fact is, that by reason of his suspension, his legal competence and skills are now in issue.

I willingly accept and credit the testimony offered in this record that petitioner has learned his moral lesson from this unfortunate experience, that he now sees the error of his ways, and appears to be a safe moral risk.

But compassion and moral rehabilitation are not sufficient standards to adequately protect the public against legal incompetence.[1]

Under all the circumstances and for the reasons set forth above, I would deny petitioner's motion for readmission at this time, without prejudice to his right to reapply in six months to demonstrate that

---

1. Disciplinary Rule 6-101(A)(1) and (2) makes it professional misconduct for a lawyer to handle a legal matter which he "knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it; or to handle a legal matter without preparation adequate in the circumstances."

I would be the first to concede that this provision is more honored in its breach than in its observance. To my knowledge, our board has never in my years of tenure made an adverse finding against a member of the bar based solely under these two sections. In fact I am unaware of any such charges solely under 6-101(A)(1) and (2) even getting to our board for review, albeit that one of the largest areas of complaint in which we do deal is violation of D.R. 6-101(A)(3) regarding the lawyer's neglect in a legal matter entrusted to him.

I hope that in due time this will change and the time will come when our board and the disciplinary system takes on the

he has taken certain home study or other type of formalized refresher courses in those areas where he intends to practice and can demonstrate to the complete satisfaction of the hearing panel that he has fully met all of the standards of Rule 218.

Alternatively, I would urge serious consideration of approving a trial period of probationary readmission,[2] during which time respondent could work as a lawyer for another member of the bar and then at the close of the probationary period could be given full or limited reinstatement, upon certification by such lawyer that in the lawyer's opinion the petitioner has fully met the requirements of Rule 218.

Mr. Raymond E. Pearlstine joins in this dissent.

## ORDER

EAGEN, *C.J.* —And now August 28, 1978, the recommendation of the disciplinary board of the Supreme Court of Pennsylvania dated August 4, 1978,

---

unpleasant, but difficult task of evaluating charges of incompetent handling of matters for clients. But meanwhile, there is no excuse for us to duck the clear responsibility that has been thrust on us by the Supreme Court at least in regard to those lawyers who have been suspended—and then seek readmission.

2. If for example a lawyer sought readmission, not as a sole practitioner engaged in general practice, but rather working for another lawyer in the preparation of briefs, legal research, etc., I could see no objection whatsoever to that lawyer being readmitted with a record of past legal experience such as petitioner.

On the other hand, where an individual who has been removed from the general practice of law for such a long period as petitioner were to suddenly branch out on his own, it raises serious questions as to his competence and ability to actively serve his or her clients.

on petition for reinstatement of [respondent] is accepted; and it is ordered, that the suspension of [respondent] is terminated and he is reinstated to the bar of the Supreme Court of Pennsylvania and all the courts under its supervisory jurisdiction.

[Respondent] is to retake the usual oath of attorneys upon admission to the bar and pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.